Mr. Justice Merrick
delivered the opinion of the Court:
This was a suit instituted for partition under the act of 1876.
It is conceded that if the Court can rightfully exercise the jurisdiction, there is no doubt that partition is not so good a remedy as a sale, because, from the nature of the property, it would yield a larger sum upon a sale than it would yield by partition, it being shown to be a large property peculiarly adapted to hotel purposes, and so advantageously situated that it would, in all reasonable probability, in the judgment of men competent to judge in regard to those subjects, bring a much larger price if sold as a whole than it could possible bring if it were divided into parts or distributed into different lots between the two proprietors.
*560 There is a lease upon the property, which is to expire within the next two or three months. The existence of that lease, according to the testimony in the cause, does not present any impediment at all to the procurement of the full price of the property, as the time of the expiration of the lease is so near that it is an element that can hardly be appreciated in determining whether or not the property should be sold before or after the lease shall have expired; so that there is no impediment on that ground.
The chief objection which was named by the defendant in the cause, as to the granting of relief, either by partition or by sale, was that there had been no previous demand by the party therefor.
Wo are not at all aware that there is anything in the law which requires a demand upon the party before the institution of the suit; and in a case like this, where the defendant by his answer resists the partition or the sale and demands that the thing shall remain in statu quo, it is apparent that it would have been an idle ceremony if there had been a previous formal demand for the partition.
Partition is of right, and like most other cases where parties resort to a suit, the fact of resorting to the suit is demand enough, which might have been complied with on the instant if the party had pleased, and thereby suspended the necessity for further action by the court. Partition, as we all know, has been a matter of absolute right between joint tenants and tenants in common, as it was between parceners previous to the passage of the Statute of Henry VIII. No man has a right to refuse it, and no Court can withhold an affirmative response to a demand for partition. But the partition had to'be in kind, and the Court in Chancery could exercise no jurisdiction for the purpose of granting equivalents in the way of sale. They had to make partition at any cost and at any hazard, and, as one of the old chancellors said, if it was insisted upon, they would make partition even if they, with an axe, cut a chimney *561 down in order to divide the property between the parties. So absolute was the right.
In view, therefore, of the absolute right of partition, and the groat danger of loss to one or more of the parties by a refusal to enter into any proceedings for a sale, the act of 1876, very late as compared with legislation everywhere else, made provision for a sale where it would be to the advantage of the parties that partition should be made in that mode. But it did not at all restrict the previous absolute right of partition.
In this case, as I have said, there seems to have been at the argument no serious objection made other than-the fact that there had been no demand before the bill was filed. We do not think there Is necessity for anything of the sort; and seeing upon the face of the bill an equity which has been fully and conclusively proved, to have a sale in lieu of partition (and I believe counsel for the defendant himself admitted at bar, that if the jurisdiction of the Court were to be exerted at all it would be more advantageous to decree a sale than to have partition, in kind), we feel no hesitation whatever in affirming the decree below.

Decree affirmed accordingly.